IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,
        Plaintiff,

vs.                         Case No.09-10099-02

Rashawn Levar Buchanan,
        Defendant.

MEMORANDUM AND ORDER

This matter is before the court on defendant Rashawn Buchanan's Motion to Vacate his sentence under 28 U.S.C. § 2255. Buchanan argues that he was actually innocent of the charge of possession of a firearm with intent to aid in the distribution of narcotics, because the firearm "was not in the same location of the drug activity." (Dkt. 422, at 5). He also alleges his counsel was ineffective in failing to raise the issue of the gun's location.

Judgment in the action was entered on January 19, 2011, and Buchanan was sentenced to 120 months imprisonment on Count 10s, and 60 months on Count 12s, consecutively to the first term. (Dkt. 274). The sentence on the first term was subsequently reduced from 120 months to 70 months. (Dkt. 416).

The court denies Buchanan's motion as untimely. Under 28 U.S.C. § 2255(f), claims for relief under that section must be brought within one year of

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Contrary to Buchanan's argument, the reduction of his sentence on the crack cocaine count does not restart the clock for bringing his challenge to the underlying judgment. "A sentence reduction pursuant to § 3582(c)(2) does not deprive the underlying judgment of its finality for purposes of collateral attack under § 2255, and thus does not operate to restart the one-year limitations period applicable to such motions." *United States v. Perez*, 2010 WL 3169413, at *2 (D.Mass. Aug.9, 2010). *See also Duckett v. United States*, 2012 WL 489206, at *1 (E.D.Tex.Feb. 15, 2012); *Williams v. United States*, 2012 WL 398245, at *2 (M.D.Fla. Feb.8, 2012); *Abbot v. United States*, 1998 WL 229652, at *2 (E.D.Pa. April 29, 1998).

Nor does the court find any basis for equitable tolling of the statute of limitations on the basis of putative actual innocence. *See Robinson v. Ledezma*, 399 Fed.Appx. 329 (10th Cir. 2010) (discussing tolling to § 2255(f)). Actual innocence exists only if "it is more likely than not that no reasonable juror would have convicted [the defendant] in the light of … new evidence." *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d

2

808 (1995). Actual innocence requires proof of factual innocence, not merely legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998).

Here, officers found a Ruger 9mm handgun with a loaded magazine in Buchanan's home when it was subjected to a search pursuant to warrant. In his Plea Agreement, Buchanan freely, voluntarily, and specifically agreed that "he was a drug dealer," and that "he possessed the handgun in order to protect himself, the drugs and money earned from selling drugs." (Dkt. 242, at 2). At the plea colloquy, the defendant knowingly, voluntarily, freely and specifically acknowledged possession of the Ruger for the purpose of aiding his drug business.

Once judgment was entered, Buchanan vigorously attempted to have his sentence reduced or set aside on the grounds that the sentence exceeded the relevant statutory minimum. (Dkt. 375, 383, 396, 406). However, he did not advance his claim of actual innocence to the firearm charge until well after the § 2255(f) limitations period. He points to no intervening change of law as it relates to § 924(c). Further, the only authority cited by the defendant, *United States v. Garza*, 566 F.3d 1194, 1202 (10th Cir. 2009), establishes simply that the proximity between a firearm and drugs is but one of "a number of factors" used to determine the defendant's intent, not (as Buchanan would have it) that in all cases both gun and drugs must be in the same room.

Here, Buchanan was well aware of the facts of the case and of the allegations against him. He points to no intervening change of law as to the crime of possession of a firearm under § 924(c), nor does he demonstrate any newly discovered facts supporting

3

his claim of innocence. Accordingly, the court finds that the present motion is precluded by § 2255(f), and finds no circumstances which would support equitable tolling of the statute of limitations.

IT IS ACCORDINGLY ORDERED this 9th day of November, 2012, that the defendant's Motion to Vacate (Dkt. 422) is hereby denied.

 s/ J. Thomas Marten 
J. Thomas Marten, Judge